UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WASHINGTON HEIGHTS VILLAS CONDOMINIUM ASSOCIATION INC.,

    Plaintiff,

vs.

CASE NO.:

VANTAGE RISK SPECIALTY INSURANCE COMPANY,

    Defendant.

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, VANTAGE RISK SPECIALTY INSURANCE COMPANY ("Defendant"), by and through its undersigned counsel, hereby files its Notice of and Petition for Removal. Defendant requests that this Court remove this action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and states as follows:

### Background

1. On or about April 21, 2023, Plaintiff, Washington Heights Villas Condominium Association Inc., ("Plaintiff"), filed a civil action in the Circuit Court

of the Ninth Judicial Circuit, in and for Orange County, Florida, under the name and style *Washington Heights Villas Condominium Association Inc. v. Vantage Risk Specialty Insurance Company,* Case No. 2023-CA-011534-O (the "Circuit Court Case").

2. Defendant was served with Plaintiff's Complaint on April 24, 2023. *See* Complaint, filed contemporaneously herewith and attached as <u>Exhibit A</u>.

3. The Complaint in the Circuit Court Case seeks benefits under a policy of insurance issued by Defendant to Plaintiff and alleges one claim for breach of contract. The breach of contract claim in the Complaint relates to property damage that allegedly occurred on September 28, 2022. *See* Complaint at ¶ 11, <u>Exhibit A</u>.

### **Grounds for Removal: Diversity Jurisdiction**

4. The District Courts of the United States have original jurisdiction of this civil action as provided in 28 U.S.C. § 1332. Under that section, this Court has jurisdiction based upon complete diversity as follows.

5. This action is within original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

6. Pursuant to 28 U.S.C. § 1332 "[a] corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business."

7. In the instant case, Plaintiff is a Florida corporation with its principal place of business at 2804-2806, 2808-2810 and 2812-2814 Washington Street, Orlando, Florida, 32803. See Sunbiz records attached as Exhibit B.

8. Defendant, Vantage Risk Specialty Insurance Company, is a Delaware Corporation and is a subsidiary of Vantage Group Holdings Ltd. (via Vantage Risk Holdings Corporation). Neither Vantage Risk Specialty Insurance Company nor Vantage Group Holdings, Ltd. are publicly traded. See Defendant's Corporate Disclosure Statement attached hereto as Exhibit C.

9. Accordingly, there is complete diversity of citizenship between the parties to this action under 28 U.S.C. 1332(a)(2) because the parties are citizens of different states.

*The Amount in Controversy Exceeds the Jurisdictional Amount*

10. In addition, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. Where a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. *Devore v.*

*Howmedica Osteonics Corp.,* 2009 U.S. Dist. LEXIS 94040, *21 (M.D. Fla. Sept. 28, 2009). If a district court cannot determine the amount of controversy from the face of the complaint, it should consider the allegations in the notice of removal and any summary judgment type evidence that the amount in controversy exceeds $75,000.00, including post-suit settlement offers. *See Hardesty v. State Farm Mut. Auto. Ins. Co.,* 2009 U.S. Dist. LEXIS 45800, *3 (M.D. Fla. 2009); *Depina v. Iron Mountain Information Management, Inc.*, 2005 U.S. Dist. LEXIS 38831, *2 (M.D. Fla. 2005); *Martin v. Mentor Corp.,* 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001).

12. While the Complaint does not specifically quantify Plaintiff's damages, Plaintiff submitted a notice of intent to litigate and a repair estimate to Defendant in the amount of $80,581.00. See notice of intent to litigate attached as <u>Exhibit D</u>.

13. Accordingly, the amount in controversy in this case exceeds the jurisdictional amount under 28 U.S.C. § 1332(a)(1)

## Venue

14. The United States District Court for the Middle District of Florida, Orlando Division, includes the judicial circuit in which Plaintiff filed its Complaint. Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1446(a).

## Compliance with Procedural Requirements

13. Pursuant to 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." This matter was originally removed within thirty (30) days after the receipt by Defendant of notice of the basis for removal. Specifically, Defendant first ascertained that this case was removable upon service of the Complaint on April 24, 2023. Thus, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

14. Copies of all processes, pleadings, orders and other papers or exhibits of every kind currently on file with the state court are filed with this notice of removal as required by 28 U.S.C. § 1446(a).

15. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide written notice of removal of this action to all parties in this action and will file a copy of the notice with the Clerk of the Circuit Court of Ninth Judicial Circuit in and for Orange County, Florida.

WHEREFORE, Defendant, VANTAGE RISK SPECIALTY INSURANCE COMPANY respectfully requests that the United States District Court for the Middle District of Florida, Orlando Division, accept the removal of this action from the state court and direct that the Circuit Court of the Ninth Judicial Circuit in and

for Orange County, Florida have no further jurisdiction of this matter unless and until this case is remanded.

DATED 24th day of May, 2023.

                    Respectfully submitted,

                    */s/ Aram P. Megerian*
                    FBN: 57983
                    COLE, SCOTT, & KISSANE, P.A.
                    5301 West Boy Scout Blvd., Suite 400
                    Tampa, FL 33607
                    Telephone: (813) 864-9373
                    Facsimile: (813) 286-2900
                    Email: Aram.megerian@csklegal.com
                    Email: Zachery.sobel@csklegal.com
                    *Attorneys for Defendant, VANTAGE RISK SPECIALTY INSURANCE COMPANY*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2023, I filed the foregoing with the Clerk of Court via the CM/ECF filing system, which will send a notice of electronic filing to all counsel of record.

                    */s/ Aram P. Megerian*
                    FBN: 57983
                    COLE, SCOTT, & KISSANE, P.A.
                    5301 West Boy Scout Blvd., Suite 400
                    Tampa, FL 33607
                    Telephone: (813) 864-9373
                    Facsimile: (813) 286-2900
                    Email: Aram.megerian@csklegal.com
                    Email: Zachery.sobel@csklegal.com
                    *Attorneys for Defendant, VANTAGE RISK SPECIALTY INSURANCE COMPANY*